# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| LEON PUGH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. CV416-018 |
| MARTIN H. EVANS and LAWRENCE GREEN, | ) ) ) |
| Defendants. | ) |

## ORDER

*Pro se* inmate Leon Pugh, a seasoned litigant in this Court (and others),[1] seeks to bring this slander, false swearing, defamation, and assault and battery case against his former attorney. Doc. 1. He also seeks to sue FBI Agent Lawrence Green, though for what the Court cannot discern. Doc. 1. Pugh moves for leave to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. Doc. 2. While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve him of the

---

[1] *See, e.g., Pugh v. Page*, CV413-332, doc. 1 (M.D. Ga. Jul. 10, 2013); *Pugh v. Balish*, CV413-219, doc. 1 (S.D. Ga. Oct. 3, 2013); *Pugh v. Humphrey*, CV411-011, doc. 1 (M.D. Ga. Feb. 2, 2011); *Pugh v. Walker*, CV303-016, doc. 1 (S.D. Ga. Mar. 25, 2013).

obligation to pay his own way where it is possible to do so without undue hardship. *Id.* at 339-40.

Pugh's IFP application contains no financial information at all (he handwrote it instead of using the Court's preprinted form)[2] and states only that he "is indigent, does not work and has been without employment since March 9, 2015. Doc. 2 at 1. In fact, he did not even swear to the truth of that one sentence under penalty of perjury. *See id.* That's nowhere close to sufficient.

Wary of such unsupported IFP applications and cognizant of how easily one may consume a public resource with no financial skin in the game,[3] this Court demands supplemental information from IFP movants who make a dubious showing of indigency (or in this case, no showing at all). *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to

---

[2] IFP forms are available to jails, prisons and the public at large. *See* http://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or (AO-239 Long Form).

[3] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Jackson v. Tucker*, 2014 WL 851438 at * 1 (S.D. Ga. Mar. 5, 2014) ("After further review, the Court is not satisfied with his response. It undeniably costs money to live, and Jackson not only swears he has zero assets of any kind, but that he also supports two children. That's plainly not credible.") (cite omitted).

Within 14 days of the date this Order is served, Pugh shall file a new, *fully* completed IFP application on the Court's pre-printed AO-239 IFP form, which the Clerk is **DIRECTED** to provide when it mails his service copy of this Order. Doing so will better illuminate Pugh's true financial condition. In that regard, he must declare the facts he pleads to be true under penalty of perjury.[4]

---

[4] Indeed, Pugh must end any fact-based submission by writing: "I declare, under penalty of perjury, that the foregoing is true and correct. 28 U.S.C. § 1746." The Court, however, tolerates no lies. *Ross v. Fogam*, 2011 WL 2516221 at * 1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *see also Moss v. Premiere Credit, LLC*, CV411-123, doc. 54 (S.D. Ga. Mar. 6, 2013) (Eleventh Circuit Order: "Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court."). And those that do lie face consequences. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction).

Pugh also must refile his Complaint using the preprinted § 1983 form complaint included with this Order (the Clerk is **DIRECTED** to attach a blank copy of that form as well). Given his litigation history, the Court suspects his current handwritten filing may be an effort to avoid revealing information -- demanded by that form[5] -- intended to shed light on whether his past cases count as "strikes" under 28 U.S.C. § 1915(g). Hence, as with the IFP form and within 14 days of the date this Order is served, Pugh must *fully* complete and file the included form § 1983 complaint. Failure to file a new IFP application or to fill out the form complaint will result in a dismissal recommendation. *See* Fed. R. Civ. P. 41(b); L.R. 41(b).[6]

**SO ORDERED,** this 25th day of January, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[5] *See Bright v. Corizon Health Corp.*, 2015 WL 9257155 at * 1 (S.D. Ga. Dec. 18, 2015) (highlighting those questions so that the Court could police the 28 U.S.C. § 1915(g) borderline).

[6] If Pugh wishes, he may voluntarily dismiss his complaint pursuant to Fed. R. Civ. P. 41(a)(1) instead of resubmitting his IFP application. Such a dismissal will allow Pugh to avoid the filing fee (which, as a prisoner, he must pay in full through a payment plan prescribed by 28 U.S.C. § 1915(b)) and § 1915(g)'s "three strikes" rule.