# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| LEON PUGH, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) |
| MARTIN H. EVANS and LAWRENCE GREEN, | ) ) ) ) |
| Defendants. | ) |

Case No. CV416-018

## REPORT AND RECOMMENDATION

Proceeding *pro se*, incarcerated plaintiff Leon Pugh has filed a 42 U.S.C. § 1983 complaint against his attorney, Martin Eaves, for "false swearing," "poisoning," and involuntary hospitalization for a mental evaluation. Doc. 5 at 5. His case, however, must be dismissed because he has three strikes under 28 U.S.C. § 1915(g) and is thus prohibited from proceeding IFP without showing that he is in imminent danger of serious physical injury.

Indigent prisoners, although they must eventually pay the full civil filing fee, may avoid prepayment under 28 U.S.C. § 1915. To do so, they must first surmount § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner barred from proceeding IFP due to the three strikes provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. *See Searcy v. Fifth Judicial Circuit of Fla.*, 615 F. App'x 652, 653 (11th Cir. Sept. 2, 2015); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). If he doesn't, the district court must dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

This Court's own docket and PACER reveal four 1915(g) strikes for Pugh: *Pugh v. Page Scranton Sprouse Tucker & Ford PC*, No. CV413-332, doc. 48 (M.D. Ga. Aug. 18, 2014) (complaint failed to state a claim); *Pugh v. Balish*, No. CV413-219, doc. 6 (S.D. Ga. Nov. 21, 2013) (same); *Pugh v. Walker*, No. CV303-016, doc. 11 (S.D. Ga. May 12, 2003) (§ 1983 same); *id.*, doc. 22 (appeal dismissed as frivolous). *See generally Boney v. Hickey*, 2014 WL 4103918 at * 4-5 (S.D. Fla. Aug. 15, 2014) (collecting examples of what constitutes a § 1915(g) strike, including lost appeals).

Pugh fails to present any allegations of imminent danger that may result in serious physical harm. *Skillern v. Jackson*, 2006 WL 1687752 at * 2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)). Because he is barred by § 1915(g), Leon Pugh's IFP motions (docs. 2 & 6) and his motion to appoint counsel (doc. 3) are **DENIED** and his complaint should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED,** this 2nd day of February, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA