# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| LEON PUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CV416-018 |
| MARTIN H. EAVES and | ) |
| LAWRENCE GREEN, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Previously the undersigned recommended dismissing Leon Pugh's 42 U.S.C. § 1983 complaint against his attorney, Martin Eaves, because Pugh has three strikes under 28 U.S.C. § 1915(g) and is thus prohibited from proceeding *in forma pauperis* (IFP). Doc. 7. Because Pugh has since paid the full filing fee, the Court **VACATES** its previous recommendation. Doc. 7. Preliminary review,[1] however, shows that his Complaint nevertheless still should be dismissed.

---

[1] The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all suits filed by prisoners or detainees for the purpose of identifying claims that are subject to immediate dismissal because they are frivolous or malicious, fail to state a claim for relief, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A (which applies to prisoner/detainee complaints against governmental entities or officials, whether plaintiff is proceeding IFP or has paid the filing fee); 28 U.S.C. § 1915(e)(2)(B)

Currently "incarcerated [while awaiting trial] for the murder of Timothy Williams," doc. 1 at 2, Pugh alleges that Eaves "made statements to the [Ware County, Georgia Superior] Court that [he] was a patient or prior patient of Unison, thus declaring [him] mentally unfit." Id. at 1. That "embarrass[ed] and degrad[ed]" Pugh. Id.

"Pugh was later poisoned and transported to a mental hospital after contesting" Eaves' actions, doc. 1 at 2, which included "withholding evidence" and barring Pugh from "participat[ing] in the preparation of [his] defense." Doc. 5 at 5, 7. Those actions, he says, "deprive[d] this plaintiff of his mental healthiness." Doc. 1 at 2. In Pugh's eyes, "[t]here is a causal connection between Mr. Eaves position that [he] be declared mentally unfit and the poisoning." Doc. 5 at 5.

What's more, plaintiff claims that the "star witness" against him in his murder prosecution recanted prior statements and probably committed the crime herself. Doc. 1 at 2. Two police officers "have

---

(imposing the same dismissal obligation as to any case filed IFP, whether by a prisoner/detainee or any other "person"); 42 U.S.C. § 1997e(c)(1) (imposing the same dismissal obligation as to "any action brought with respect to prison conditions"). On initial screening of a prisoner complaint, only "cognizable claims" may be allowed to proceed. 28 U.S.C. § 1915A(b). All three statutory provisions contemplate the dismissal of non-cognizable claims prior to service of process upon any defendant. § 1915A (requiring screening "before docketing if feasible or . . . as soon as practicable after docketing"); § 1915(e)(2) (requiring dismissal "at any time" the court determines the suit to be factually or legally insubstantial); § 1997e(c)(1) (requiring dismissal of insubstantial claims on the court's "own motion").

information concerning the 'star witness' recant,' but Eaves refuses to speak with them and "obtain their supplemental report." *Id.* Finally, FBI supervisor Lawrence Green "is only being sued" because "this is a murder case and the appropriate officials have not been contacted in a timely fashion and evidence is being destroyed and has been destroyed." *Id.*

Pugh brings "slander . . . false swearing," and assault claims against Eaves. He also wants counsel appointed, for Green to "investigat[e] . . . the destroyed evidence," a restraining order preventing Eaves from contacting Pugh, attachment of Eaves' assets, and monetary damages. Doc. 5 at 6.

Although only obliquely, this case, at least in part, asks the Court to order the FBI to interfere in an ongoing state criminal proceeding (Pugh wants Green to investigate evidence destruction). The doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), however, forbids precisely that "except under extraordinary circumstances," where it "plainly appears" that the state defendant's federally guaranteed rights will not be protected by the state courts. *Id.* at 45 (citation and internal quotations omitted); *id.* at 46 (even an accused's showing of "irreparable

injury" as a result of the state prosecution is insufficient to warrant a federal court's intervention unless the threatened injury is "both great and immediate" and is "one that cannot be eliminated by his defense against a single criminal prosecution") (citation and internal quotation omitted). None of Pugh's claims assert the type of state abuse or harassment that would justify the extraordinary step of federal intervention in an ongoing state prosecution.

Were abstention not appropriate, Pugh's claims would still fail. Those against Green allege no improper conduct of any kind. Pugh simply wants the Court to order the FBI to investigate a state murder prosecution. That, however, is not a valid claim for relief.

As to Eaves, Pugh's allegations -- as best the Court can parse them -- strike at a lawyer performing a lawyer's traditional functions. In this case, that was Eaves asking the state court to order a mental evaluation of his client. *See* doc. 1 at 2 (Eaves sought to have Pugh declared "mentally unfit"); doc. 5 at 5 (Eaves "made statements to the Court that" Pugh was a patient of a mental health provider); doc. 5 at 5 ("[P]laintiff was ordered to undergo a mental examination. . . ."). If Eaves is appointed counsel, he's immune from suit under § 1983 since "a

4

public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Even if Eaves were not immune, Pugh's slander claim still fails because it cannot constitute a constitutional violation, see *Charles v. Scarberry*, 340 F. App'x 597, 599-600 (11th Cir. 2009) ("[C]laims of libel and slander do not state a violation of federal law and are not cognizable in a section 1983 civil rights action.") (citing *Paul v. Davis*, 424 U.S. 693 (1976)), while his assault claim lacks any supporting factual details (he claims only that he was poisoned and that "[t]here is a causal connection" between that and "Eaves position that plaintiff be declared mentally unfit," doc. 5 at 5) and so fails to state a claim.[2]

Because there is no chance that Pugh could correct his Complaint's deficiencies if afforded an opportunity to amend (he's already had one

---

[2] "The Court applies Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (pro se pleadings are still construed liberally after *Iqbal*)." *Bright v. Fogle*, 2016 WL 347690 at * 1 (S.D. Ga. Jan. 28, 2016). Here, Pugh simply concludes that there is a causal connection, but pleads no facts supporting that claim.

chance, *see* doc. 7), *see Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (*pro se* IFP litigant should be afforded an opportunity to amend his complaint where it would not be futile to do so), this case should be **DISMISSED** as frivolous (and for failure to state a claim) and recorded as a "strike" under 28 U.S.C. § 1915(g).

**SO REPORTED AND RECOMMENDED,** this  18th  day of February, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA