U.S. DISTRICT COURT
SAVANNAH DIV.

CLERK
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF GEORGIA** — MAR 16 PM 4:28
**SAVANNAH DIVISION**

LEON PUGH,                          )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        CASE NO. CV416-018
                                    )
MARTIN H. EAVES and LAWRENCE        )
GREEN,                              )
                                    )
        Defendants.                 )
_____)

#### O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 11), to which an objection[1] has been filed (Doc. 13). After careful de novo review of the record, the report and recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Plaintiff's 42 U.S.C. § 1983 complaint is hereby **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

In his objections, Plaintiff first reiterates that he is receiving ineffective assistance of counsel and that he is suing his attorney for "legal malpractice." (Doc. 13 at 1.) However,

---

[1] After the time for objections had expired, Plaintiff also filed a Motion to Add Sandra Williams as a party. (Doc. 14.) In that motion, Plaintiff requested that the Court allow him to serve Ms. Williams and that she appear in his case. (Id. at 2.) According to Plaintiff, his attorney—Defendant Eaves—has no intention of calling Ms. Williams to appear. (Id. at 1.) His Motion to Add (Doc. 14) is **DENIED** for the same reasons that Plaintiff's complaint must be dismissed.

42 U.S.C. § 1983 only applies to violations committed by those acting under the color of state law. Defense attorneys, regardless of whether they are retained or appointed, do not act on behalf of the state and thus, cannot be sued under § 1983. Polk Cnty. v. Dodson, 454 U.S. 312, 318-19 (1981).

Next, Plaintiff again requests that this Court intervene in an ongoing state murder investigation. (Doc. 11 at 2.) The Magistrate Judge was correct when he noted that the abstention doctrine forbids federal interference in state criminal proceedings absent "extraordinary circumstances." Younger v. Harris, 401 U.S. 37, 45 (1971). Notably, "[f]ederal injunctions against state criminal statutes, either in their entirety or with respect to their separate and distinct prohibitions, are not to be granted as a matter of course, even if such statutes are unconstitutional." Id. at 46 (citing Beal v. Mo. Pac. R.R. Corp., 312 U.S. 45, 49 (1941)). At this time, nothing in Plaintiff's pleadings "justify the extraordinary step of federal intervention in an ongoing state prosecution." (Doc. 11 at 4.) As a result, Plaintiff's 42 U.S.C. § 1983 complaint is hereby **DISMISSED.** The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this __16th__ day of March 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA